UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

BARRY WAYNE ADAMS,

        Petitioner,         Case No. 1:11-cv-1123

v.        Honorable Paul L. Maloney

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner presently is incarcerated at the Michigan Reformatory (MSP). After a jury trial, the Calhoun County Circuit Court convicted Petitioner on January 17, 2007, of failure to pay child support, MICH. COMP. LAWS § 750.165. The trial court sentenced Petitioner to twenty-five to ninety-six months of incarceration on his conviction.

The instant habeas action is similar to four previous petitions filed by Petitioner that were dismissed without prejudice. On November 1, 2006, Petitioner filed a habeas petition before his conviction. *See Adams v. State of Michigan et al.*, 1:06-cv-785 (W.D. Mich. Dec. 7, 2006). Petitioner filed a second habeas petition on March 9, 2007, shortly before he appealed his conviction to the Michigan Court of Appeals. *See Adams v. State of Michigan et al.*, 1:07-cv-233 (W.D. Mich. May 16, 2007). Petitioner filed his third habeas petition on October 20, 2008, before he appealed to the Michigan Supreme Court. *See Adams v. Howes*, 1:08-cv-980 (W.D. Mich. Dec. 23, 2008). All these actions were dismissed for failure to exhaust state remedies. The Michigan Supreme Court denied leave to appeal on March 23, 2009, and denied a motion for reconsideration on August 6, 2009. Petitioner subsequently filed a petition for writ of certiorari to the United States Supreme Court that was denied on April 5, 2010, and a motion for rehearing of the Supreme Court's decision that was denied on June 1, 2010.

Petitioner filed his fourth habeas petition in January 2010, when his petition for writ of certiorari was still pending before the United States Supreme Court. *See Adams v. McQuiggan*, No. 2:10-cv-1 (W.D. Mich.). That habeas petition was dismissed without prejudice on March 12, 2010, because some of the claims asserted in the petition were not exhausted. (*See Adams v.*

*McQuiggan*, No. 2:10-cv-1; docket ##6, 7, Op. & Order.)  Sixteen of Petitioner's grounds for relief were presented to the Michigan Supreme Court, but an additional four grounds were raised for the first time in an improperly filed state habeas petition.  (*Id.*; docket #6, Op. at 3-5.)  This Court noted that Petitioner "has at least one available procedure by which to [exhaust] the issues he has presented in this application.  He may file a motion for relief from judgment under [Rule 6.500 of the Michigan Court Rules]."  (*Id.*; docket #6, Op. at 5.)  Petitioner moved for reconsideration, but the Court affirmed its decision and indicated that, if "Petitioner decide[s] not to pursue his unexhausted claims in the state courts, he may file a new petition raising only his sixteen exhausted claims at any time before the expiration of the limitations period."  (*Id.*; docket #10, Order Denying Reconsideration at 2, May 5, 2010.)

Petitioner appealed the dismissal of his petition, but the Court of Appeals for the Sixth Circuit affirmed the judgment of the district court on March 16, 2011.  *See Adams v. McQuiggan*, No.10-1773 (6th Cir.).  The Sixth Circuit reiterated that Petitioner "could file a new petition raising only the exhausted claims before the statute of limitations expired if he wished[.]"  *Id.*  Petitioner moved for a rehearing by the Sixth Circuit, but his application was denied on August 11, 2011.  Petitioner did not attempt to exhaust his unexhausted claims by filing a motion for relief from judgment in state court.  On October 21, 2011,[1] he filed the instant petition, which asserts only his sixteen exhausted claims (docket #1).

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Petitioner dated his application on October 21, 2011, and it was received by the Court on October 24, 2011.  Thus, it must have been handed to prison officials for mailing at some time between October 21 and October 24.  For purposes of this opinion, the Court will give Petitioner the benefit of the earliest possible filing date.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the period runs from "the date on

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, he appealed his conviction to the Michigan Court of Appeals, the Michigan Supreme Court, and the United States Supreme Court. The United States Supreme Court denied his petition on April 5, 2010, and denied his request for rehearing on June 1, 2010. Thus, the judgment in Petitioner's case became final as late as June 1, 2010. Absent tolling, therefore, Petitioner had one year from that date, or until June 1, 2011, to file his habeas petition.

None of Petitioner's previously filed federal habeas petitions tolled the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes). Petitioner could have tolled the statute of limitations by properly filing an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. § 2244(d)(2); *see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"), but no such application was filed. Thus, the one-year limitations period expired on June 1, 2011, several months before Petitioner filed the petition before this Court.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). Petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden

of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner does not raise the issue of equitable tolling, but he alleges that the filing of his previous habeas petition constituted a "timely effort," and that he was delayed in filing a new petition because the Sixth Circuit did not "dispositively determine[]" the appeal of his previous petition until August 11, 2011.[3] Regardless of whether Petitioner's previous petition was a "timely effort," however, both the district court and the Sixth Circuit concluded that it was subject to dismissal because it included unexhausted claims. Petitioner could have corrected this deficiency by attempting to exhaust the unexhausted claims in state court, or by filing a petition containing only exhausted claims, as both the district court and the Sixth Circuit made clear to Petitioner long before the expiration of the limitations period. *See Adams v. McQuiggan*, No. 2:10-cv-1 (W.D. Mich. Mar. 12, 2010); *Adams v. McQuiggan*, No. 10-1773 (6th Cir. Mar. 16, 2011). Petitioner failed to pursue either option until after the limitations period expired. Though his appeal from the dismissal of his previous petition was still pending in June 2011, that appeal process did not prevent him from attempting to exhaust his unexhausted claims in state court or from filing a new petition containing only exhausted claims.

Furthermore, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir.

---

[3] In fact, the Sixth Circuit denied his appeal on March 16, 2011, well before the one-year limitations period had expired. *See Adams v. McQuiggan*, No. 2:10-cv-1 (W.D. Mich.) (docket #16). Petitioner's request for a rehearing was denied by the Sixth Circuit on August 11, 2011 (*see id.* docket #17).

2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Indeed, Petitioner can hardly claim ignorance of the law when both the District Court and the Court of Appeals explained to him how he might correct the deficiencies in his petition.

In short, it appears that Petitioner was not reasonably diligent in pursuing his claims, and there is no indication that some extraordinary circumstance stood in his way of meeting the deadline. Accordingly, on the facts before me, I conclude that Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation therefore serves as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  November 28, 2011          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).